**In re Complaint of JUDICIAL MISCONDUCT.**

**No. 13–02.**

U.S. Judicial Conference Committee on Judicial Conduct and Disability.

Jan. 17, 2014.

Present: Judges ANTHONY J. SCIRICA, CHAIR, SARAH EVANS BARKER, EDITH BROWN CLEMENT, DAVID M. EBEL, JAMES E. GRITZNER.[1]

## MEMORANDUM OF DECISION

This matter is before the Committee on a petition for review filed by now-retired Judge Boyce F. Martin, Jr., on August 20, 2013, regarding a complaint against him under the Judicial Conduct and Disability Act of 1980, 28 U.S.C. §§ 351–364 ("Act") and *Rules for Judicial–Conduct and Judicial–Disability Proceedings*, 248 F.R.D. 674 (U.S.Jud.Conf.2008) ("JCD Rules"). On July 31, 2012, when Judge Martin was still a member of the federal judiciary, the Chief Judge of the Court of Appeals for the Sixth Circuit initiated this matter by identifying the underlying complaint. *See* JCD Rule 5. At the Sixth Circuit chief judge's request, the Chief Justice transferred all proceedings on the complaint to the Second Circuit Judicial Council. *See* JCD Rule 26. On June 20, 2013, the Second Circuit Judicial Council issued an order dismissing the complaint based on the "intervening event" of Judge Martin's retirement. In his petition, which we review under 28 U.S.C. § 357(a) and JCD Rules 21(a) and 21(b)(1)(A), Judge Martin takes issue with two elements of the order: its statement that it would be referred to the

---

**1.** This panel comprised five members of the seven-member Committee, the other two members having been excluded from participation in this matter under Rule 21(c) of the Judicial Conference *Rules for Judicial–Conduct and Judicial–Disability Proceedings* (2008).

Department of Justice, and its disclosure of Judge Martin's name.[2] He also contends that the complaint's resolution should have hinged on what he describes as his voluntary corrective action. For reasons we explain, the petition is denied.

The June 20 Second Circuit Judicial Council order recounts this matter's procedural history. According to the order, the complaint involved what were "characterized as 'questionable travel expenses.'" The Circuit Judicial Council convened a special committee, which conducted an investigation. On May 14, 2013—eight days after the special committee sent Judge Martin a "Notice of Potential Areas of Inquiry" for a May 20 hearing to take his testimony under oath—Judge Martin notified the President that, on August 16, 2013, he would retire. Based on this notification, the Second Circuit Judicial Council concluded the complaint proceeding under JCD Rule 20(b)(1)(B) because, as explained in the June 20 order, the retirement was an intervening event that had made further proceedings unnecessary. The special committee's investigation was therefore discontinued without a formal report to the Circuit Judicial Council, and the complaint was dismissed under 28 U.S.C. § 354(a)(1)(B).

After Judge Martin submitted his resignation letter, but before the Circuit Council issued its order, Judge Martin "offered to repay the federal government all travel reimbursements he had received from January 1, 2008, to August 2, 2012, approximately $138,500." According to the order, "[t]hese dates bracketed the period under investigation, ending with the date of the Chief Justice's transfer of the proceeding." Staff at the Administrative Office of the United States Courts were advised by Second Circuit staff to expect Judge Martin's repayment in three equal installments, to be submitted on June 16, July 16, and August 16, 2013. Only the first two installments have been received.

The Second Circuit Judicial Council order predicates its disclosure of Judge Martin's name on JCD Rule 24(a)(2), which provides that for complaints "concluded because of intervening events, or dismissed at any time after a special committee is appointed, the Judicial Council must determine whether the name of the subject judge should be disclosed," and on the rule's Commentary, which points out that "[i]n such a case, no final decision has been rendered on the merits, but it may be in the public interest—particularly if a judicial officer resigns in the course of an investigation—to make the identity of the judge known." "Pursuant to these provisions," the order states, "the Judicial Council has determined that it is in the public interest to disclose the name of the subject judge." The order further provides that "this order shall be referred to the Public Integrity Section of the Department of Justice for such action, if any, as may be appropriate."

In his petition for review, Judge Martin objects to the Second Circuit Judicial Council's determination that its order would disclose his name, be referred to the Department of Justice, and announce the referral. Seeking "an order preserving the confidentiality of these proceedings," he argues that any decision by the Second Circuit Judicial Council to identify him as the subject of the complaint is inconsistent with the Act and the JCD Rules, and that the Judicial Council fails to credit what he describes as his voluntary corrective actions in this matter. The Judicial Council, he notes, did not specify the "public inter-

2. In accordance with JCD Rule 24(a), the June 20 order, which constitutes final action on the complaint, must be made publicly available when no further review of right is available.

est" warranting disclosure of his name under JCD Rule 24(a)(2). Judge Martin maintains that he took voluntary and complete corrective action in this matter, and that the complaint proceeding should have been concluded on that basis.

Regarding the travel reimbursement requests at issue, Judge Martin alludes in his petition to "internal chambers administrative errors." He states that "he and his administrative staff had made several administrative mistakes," although, he adds, "some expenses were contested," including reimbursements he maintained were permitted under a letter from the Administrative Office. He also claims that he was advised, through "informal contacts" between his counsel and the special committee's counsel, that this matter would remain confidential, with no "referral" to the Department of Justice, if he resigned before the scheduled hearing and repaid his travel reimbursements.

Judge Martin argues that the Second Circuit Judicial Council "should not refer the Order to the Department of Justice," because, he contends, such a referral would be unprecedented, would unfairly prejudice him, is not warranted on the facts, and is not supported by any finding of misconduct. Also unfair, Judge Martin argues, is that the referral would be "publicly announced" in an order that discloses his name.

The Judicial Conduct and Disability Act provides that "[e]ach written order to implement any action under section 354(a)(1)(C), which is issued by a judicial council . . . shall be made available to the public. . . ." 28 U.S.C. 360(b). When a complaint is dismissed because of intervening events, "the judicial council must determine whether the name of the subject judge should be disclosed." JCD Rule 24(a)(2). The Commentary on JCD Rule 24 explains that it may be in the public interest to disclose the name of the subject judge, "particularly if a judicial officer resigns in the course of an investigation."

■ We find no error in the Second Circuit Judicial Council's disposition of this matter. Under JCD Rule 24(a)(2), the Judicial Council has discretion to disclose the subject judge's identity when a complaint is concluded for intervening events. Such disclosure is appropriate in this circumstance because Judge Martin resigned during the course of the special committee's investigation. *See* JCD Rule 24 cmt. Accordingly, the Second Circuit Judicial Council did not abuse its discretion in disclosing Judge Martin's identity.

A Circuit Judicial Council may, but need not, conclude a proceeding for "appropriate" corrective action. *See* JCD Rule 20(b)(1)(B). Such a termination is among the "[d]iscretionary actions" available to a Judicial Council. JCD Rule 20(b)(1). The Second Circuit Judicial Council's order contains no finding that "corrective action" had occurred within the meaning of the Act and the JCD Rules. We agree with their judgment. Notwithstanding any actions Judge Martin undertook in response to the complaint, there is no reason to disturb the sound exercise of discretion by the Second Circuit Judicial Council.

■ Announcing the "referral" in this instance—in other words, mentioning it in the order—is likewise unobjectionable under the Act. First, in accordance with the Act and the JCD Rules, orders on complaints of judicial misconduct or disability must be published. Second, such orders can, under conditions specified in JCD Rule 24, disclose the subject judge's name. Third, an order under the Act can come to, or be brought to, the attention of the Department of Justice in the course of its general release. And fourth, the Act's continued ability to secure "the effective and expeditious administration of the business of the courts," *see* 28 U.S.C. § 351(a), rests on public confidence that the Act is

being administered soundly. In the judgment of the Second Circuit Judicial Council, sound administration of the Act in this matter rested on public awareness that potentially actionable conduct may be at issue. We see no abuse of discretion.

Finally, Judge Martin's counsel executed an affidavit, attached to the petition, that describes "informal contacts" with outside counsel for the special committee, in which, he declares, "[u]ndersigned counsel was advised that if Judge Martin elected to resign and repay all travel expenses from January 1, 2008 to August 2, 2012, notwithstanding Judge Martin's position that many of them were authorized, those steps would conclude the matter and it would remain confidential." On review, this claim raises no issue because the statements attributed to outside counsel reflect only advice or suggestions on how Judge Martin might seek to improve his

legal position outside the context of the judicial misconduct complaint process, and not a promise to conclude the investigation without referral and to maintain confidentiality. We note, as well, that Judge Martin evidently did not seek to have the alleged assurance reduced to writing even from a person lacking authority under statute or rule to extend it, and the Second Circuit Judicial Council's order makes no mention of it. Nor is there any assertion that the Second Circuit Chief Judge or Judicial Council agreed to an informal resolution. *See* JCD Rules 5(a) & 11(d)(1).

The June 20, 2013 order is entitled to no further review of right and must therefore be published, an action we leave to the Second Circuit Judicial Council.